**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaime Edmondson Longoria, et al., | No. CV-18-02334-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Kodiak Concepts LLC, et al., | |
| Defendants. | |

Pending before the Court is a motion by Defendant Kodiak Concepts LLC ("Kodiak") to sever the claims of Jaime Longoria, Jessa Hinton, Lucy Pinder, Melanie Iglesias, and Paola Canas (collectively, "Plaintiffs"). (Doc. 39.) For the following reasons, the motion will be denied.

## BACKGROUND

Kodiak owns and operates a strip club called The Great Alaskan Bush Company Gentlemen's Club ("the Club") in Phoenix, Arizona. (Doc. 1-3 at 6-7.) Plaintiffs are "models, business women, and well-known social media personalities." (*Id*. at 2.) This case arises from Kodiak's allegedly unauthorized use of Plaintiffs' images and likenesses on the Club's social media accounts. (*Id*. at 2-3.)

On June 1, 2018, Plaintiffs filed suit in Maricopa County Superior Court. (*Id*. at 2.) In their complaint, Plaintiffs allege the following misuses of their images and likenesses:

- On August 8, 2015, Kodiak posted Iglesias's image on the Club's Facebook page.
- On November 19, 2016, Kodiak posted Pinder's image on the Club's Instagram

page.

- On April 18, 2017, Kodiak posted Hinton's image on the Club's Facebook page.
- On May 3, 2017, Kodiak posted Canas's image on the Club's Yelp page.
- On May 4, 2017, and December 16, 2017, Kodiak posted Canas's image on the Club's Instagram page.
- Between May 30, 2017, and September 18, 2017, Kodiak posted Canas's image on the Club's Facebook page ten different times.
- On August 21, 2017, Kodiak posted Longoria's image on the Club's Facebook page.

Plaintiffs allege these postings were without their permission or consent, were for commercial purposes, and created the false perception that they had agreed to promote or endorse the Club. (*Id*. at 10-14.) Plaintiffs also allege that none of them have ever had an employment relationship with Kodiak or been paid anything by Kodiak for the use of their images. (*Id*.)

All five Plaintiffs assert violations of the Lanham Act, 15 U.S.C. § 1125(a). (*Id*. at 16-18.) Four of the Plaintiffs (all but Iglesias) also assert state-law claims of misappropriation of likeness and false light invasion of privacy. (*Id*. at 14, 19.)

On July 25, 2018, Kodiak removed the case to federal court.[1] (Doc. 1.)

On December 5, 2019, Kodiak filed a motion to sever. (Doc. 39.)

On December 19, 2019, Plaintiffs filed a response. (Doc. 40.)

On January 6, 2020, Kodiak filed a reply. (Doc. 42.)

**DISCUSSION**

Kodiak has moved to sever Plaintiffs' claims. (Doc. 39.) More precisely, Kodiak argues that Plaintiffs' claims are improperly joined under Rule 20(a). (Doc. 39 at 6-9.) Alternatively, Kodiak urges the Court to exercise its discretion under Rules 21 and 42(b) to sever Plaintiffs' claims in the interest of avoiding prejudice. (*Id*. at 9-11.) Plaintiffs respond that their claims are properly joined under Rule 20(a) and that one consolidated trial would promote convenience, reduce costs, expedite the proceedings, facilitate

---
[1] This case was reassigned to the undersigned judge on October 31, 2018. (Doc. 18.)

settlement, and benefit judicial economy, all without prejudice to Kodiak. (Doc. 40.)

I. Rule 20(a)

Rule 20(a) of the Federal Rules of Civil Procedure governs the permissive joinder of claims by multiple plaintiffs. It provides: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." *Id.* "If the test for permissive joinder is not satisfied, a court, in its discretion, may sever the misjoined parties, so long as no substantial right will be prejudiced by the severance." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). "On the whole, the transaction and common-question requirements prescribed by Rule 20(a) are not rigid tests, but rather are flexible concepts used by the courts to implement the purpose of Rule 20 and therefore are to be read as broadly as possible whenever doing so is likely to promote judicial economy." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 99 F. Supp. 3d 1110, 1187-88 (C.D. Cal. 2015) (internal brackets and quotations omitted).

A. **Same Transaction Or Occurrence**

Kodiak contends that Plaintiffs' claims do not arise out of the same transaction or occurrence because it is alleged to have posted five different photographs at different times and Plaintiffs "do not allege their claims arise from a systematic pattern of events." (Doc. 39 at 6-7.) Kodiak thus contends this case is similar to *Coughlin*, where the Ninth Circuit affirmed a severance order. (*Id.*) Plaintiffs respond that the challenged postings occurred during the same time period, their claims arise from the same kind of behavior by the same entity, and the misappropriations all occurred in the same manner. (Doc. 40 at 5-9.)

Plaintiffs have the better side of this argument. "The first prong, the 'same transaction' requirement, refers to similarity in the factual background of a claim." *Coughlin*, 130 F.3d at 1350. "To satisfy the same transaction or occurrence requirement, the claims must be 'logically related.'" *Harter v. Carondelet Health Network*, 2017 WL 10505262, *4 (D. Ariz. 2017). Here, Plaintiffs' claims are logically related. They contend

that the same entity misused their images and likenesses in the same manner over roughly the same time span. Most important, they allege that Kodiak's misuse of their images and likenesses happened for the same reason: to promote the Club to customers. (Doc. 1-3 at 9.) Although the complaint doesn't use the magic words "systematic pattern" or "policy," the allegations themselves evince a pattern of using the images of women with whom the Club did not have an employment relationship, and from whom the Club lacked permission, to advertise the Club's events on social media. Other courts have concluded that such allegations satisfy the first prong of the Rule 20(a) test. *Cerny v. Boulevard Del, Inc.*, 2019 WL 5291208, *1, *9-10 (M.D. Fla. 2019) (denying strip club's motion to sever Lanham Act claims brought by "thirteen . . . professional models and/or actresses," holding that the claims were logically related, and noting that many other courts have denied severance motions in similar cases).

*Coughlin* is not the contrary. There, 49 plaintiffs sued the Immigration and Naturalization Service ("INS") in an effort to compel the agency to expedite the adjudication of their pending applications. 130 F.3d at 1349. Notably, the underlying applications sought many different types of relief—some were applications by U.S. citizens seeking status and benefits for their spouses and children, others were applications by aliens seeking adjustment of status, and others still were applications by lawful permanent residents seeking naturalization. *Id.* at 1349-50. The district court held that the plaintiffs' claims were misjoined under Rule 20(a) and the Ninth Circuit affirmed, holding that the cases shared only a "basic connection"—the "alleged procedural problem of delay"—and that this basic connection was insufficient to satisfy Rule 20(a)'s "same transaction" requirement because the plaintiffs did "not allege a pattern or policy of delay in dealing with all applications and/or petitions by the INS. Rather, Plaintiffs merely claim that, in specified instances, applications and petitions have not been addressed in a timely manner." *Id.* at 1350. Here, in contrast, the five Plaintiffs are alleging harm arising from a common occurrence—Kodiak's alleged policy of misappropriating the images of models and posting those images on its social media pages in an effort to drum up business.

Finally, Kodiak cites *Gammons v. Real Prop. Inv. Servs., Inc.*, 2010 WL 3156076 (D. Ariz. 2010), for the proposition that the "same general claims among plaintiffs is not enough to create a common transaction or occurrence." (Doc. 39 at 8.) In fact, *Gammons* provides a useful contrast to the present case. In *Gammons*, both plaintiffs were bringing Title VII discrimination claims against the same employer, but they asserted different bases (race versus sexual harassment), different principal offenders, and different harms. 2010 WL 3156076 at *3-4. Here, the five Plaintiffs' claims have the same legal basis, the same principal offender, and allege the same harm. (Doc. 1-3 at 9-10.)

### B. Common Question Of Law Or Fact

"[T]he second prong of the test for permissive joinder" under Rule 20(a) is whether there are "common questions of law or fact." *Coughlin*, 130 F.3d at 1350. Kodiak argues this requirement isn't satisfied because each Plaintiff relies on different posts and calculating the harm to each Plaintiffs' reputation will require an individualized analysis of the ex ante fair market value of each Plaintiff's reputation and the resulting harm to that particular Plaintiff. (Doc. 39 at 8-9.)

This argument is unavailing. The second prong of Rule 20(a) asks whether "any question of law or fact common to all plaintiffs will arise in the action." Here, each Plaintiff alleges a violation of the Lanham Act, the resolution of which will necessarily entail common questions of law. (Doc. 1-3 at 16.) Moreover, there appear to be common questions of fact: Plaintiffs identify Kodiak's practices relating to the misappropriation and publication of each image as common to each claim. (Doc. 40 at 9.) Indeed, Kodiak's suggestion that the Court "sever Plaintiffs' claims into separate trials but allow the Parties to proceed with discovery jointly" (Doc. 39 at 12) tends to buttress the conclusion that Plaintiffs' claims have substantial factual overlap. Although the nature and impact of each post will require individualized attention, that alone is not enough to defeat joinder. The plain language of Rule 20(a) only requires the presence of "any" common question of law or fact—it does not require the absence of any dissimilar questions.

…

II.   Rules 21 and 42(b)

Kodiak also urges the Court to exercise its discretion under Rule 21 and/or Rule 42(b) to sever the claims for trial. Kodiak contends that five separate trials are necessary to avoid prejudice—*i.e.,* preventing Plaintiffs from "gang[ing] up" on Kodiak—and will help avoid jury confusion without any cost to judicial efficiency or prejudice to Plaintiffs. (Doc. 39 at 9-10.) Plaintiffs respond that Kodiak is attempting to "tactically quintuple (at a minimum) Plaintiffs' costs," severance would cause delay and inconvenience, and denying severance would not result in prejudice to Kodiak. (Doc. 40 at 10-16.)

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Similarly, Rule 42(b) of the Federal Rules of Civil Procedure provides that "[f]or convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims."

The Court agrees with Plaintiffs that severance is not warranted under either rule. Most salient are the convenience and savings to judicial economy of holding only one trial. One longer trial will almost certainly require less time and judicial resources than five shorter trials, given the time-consuming nature of jury selection and instruction. A single trial should also reduce the costs borne by the parties, avoiding unnecessarily duplicative attorneys' fees and expert testimony. Finally, any potential prejudice to Kodiak arising from jointly trying Plaintiffs' claims can be addressed through limiting instructions.[2] Accordingly, the Court will decline to sever Plaintiffs' claims under Rules 21 and 42(b).

…

---

[2]   Additionally, Kodiak's prejudice argument seems to be premised, at least in part, on the assumption that, in a severed trial, each Plaintiff would only be allowed to introduce evidence concerning Kodiak's posting of her images and would be barred from introducing evidence concerning Kodiak's posting of the other Plaintiffs' images. (Doc. 39 at 10.) Although the Court is not prejudging any evidentiary issues to be resolved at trial, this assumption overlooks that each Plaintiff would have a colorable argument that the postings concerning the other Plaintiffs would be admissible under Federal Rule of Evidence 404(b) or under the "inextricably intertwined" doctrine. *United States v. Dorsey*, 677 F.3d 944, 951 (9th Cir. 2012) ("[E]vidence should not be considered . . . 'other act' evidence within the meaning of Rule 404(b) if the evidence concerning the other act and the evidence concerning the crime charged are inextricably intertwined.") (internal quotation omitted).

Accordingly, **IT IS ORDERED** that Kodiak's motion to sever claims (Doc. 93) is **denied**.

Dated this 30th day of March, 2020.

Dominic W. Lanza
United States District Judge