**WO**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaime Edmondson Longoria, et al., | No. CV-18-02334-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Kodiak Concepts LLC, et al., | |
| Defendants. | |

On July 31, 2020, Plaintiffs and Defendant Kodiak Concepts LLC ("Kodiak") filed cross-motions for summary judgment (Docs. 49, 50) and various motions to strike expert reports and opinions (Docs. 45, 51, 52), motions which will be ruled on in due course. Plaintiffs also filed a motion to seal portions of exhibits to their motion to strike. (Doc. 46.)  For the following reasons, Plaintiffs' motion to seal will be denied.

The public has a general right to inspect judicial records and documents, such that a party seeking to seal a judicial record must overcome "a strong presumption in favor of access." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  To do so, the party must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* at 1178-79 (internal quotation marks and citations omitted).  The Court must then "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret."  *Id.* at 1179 (internal quotation marks omitted).  "After considering these interests, if the court decides to seal certain judicial

1    records, it must base its decision on a compelling reason and articulate the factual basis for

2    its ruling, without relying on hypothesis or conjecture." *Id.* (internal quotation marks

3    omitted).

4        The "stringent" compelling reasons standard applies to all filed motions and their

5    attachments where the motion is "more than tangentially related to the merits of a case."

6    *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).  A

7    motion for summary judgment is clearly such a motion, and the "compelling reasons"

8    standard applies to the parties' summary judgment motions and their exhibits.  It follows

9    that the standard applies to a motion seeking to strike those same exhibits.

10       Plaintiffs assert that their "past earnings—in the form of contracts, releases, and tax

11   documents—have been disclosed in this litigation and relied on by their valuation expert,

12   Stephen Chamberlin, in arriving at his valuation opinion," and that "Mr. Chamberlin's

13   discussion of these historical earnings has, in turn, been referenced by Defendant's

14   valuation expert, Michael Einhorn, in his valuation report."  (Doc. 46 at 1.)  Plaintiffs

15   further assert that "public disclosure of Plaintiffs' confidential information could

16   potentially harm each Plaintiff and put her at competitive disadvantage in her career."  (*Id.*

17   at 1-2.)

18       The Court finds that Plaintiffs failed to "articulate compelling reasons supported by

19   specific factual findings that outweigh the general history of access and the public policies

20   favoring disclosure."  *Kamakana*, 447 F.3d at 1178-79.  Plaintiffs describe their myriad

21   redactions in vague and generalized terms, but a review of the proposed redactions reveals

22   that most if not all of them concern the value of Plaintiffs' images and likenesses, which

23   Plaintiffs have put at issue in this litigation.  Plaintiffs, who are "professional models,

24   business women, and well-known social media personalities," bring claims against Kodiak,

25   the owner and operator of a strip club, for using their images and likenesses without their

26   consent to promote the strip club.  (Doc. 1 ¶¶ 1-5.)  The complaint provides details of

27   Plaintiffs' commercial successes (Doc. 1 ¶¶ 14-18) and includes a section entitled

28   "Plaintiffs are Professional Models and Their Images Are Commercially Valuable" (*id.*

¶¶ 30-36), specifically alleging that "[e]ach Plaintiff commands substantial sums of money for the licensed commercial use of her image" (*id* ¶ 32).  Plaintiffs cannot reasonably bring this action and then expect confidentiality as to the value of their images and likenesses. *See, e.g.*, *Shapiro v. Hasbro Inc.*, 2016 WL 9137526, *3 (C.D. Cal. 2016) ("Hasbro put these documents at issue in the litigation and thus fails to [] make a particularized showing of compelling reason[s] to file these exhibits under seal."); *B.F. v. Amazon.com, Inc.*, 2019 WL 4597492, *2 (W.D. Wash. 2019) ("By bringing this lawsuit against Defendants, [Plaintiffs] have put [information sought to be sealed] directly at issue, and cannot reasonably expect filings in this case not to include details about [that information].").

It is possible that some of the material sought to be sealed delves into areas of Plaintiffs' finances which they have not put at issue in this litigation and which might satisfy the *Kamakana* standard, but Plaintiffs' cursory motion does not identify any such material—indeed, it does not discuss with specificity any of the material sought to be sealed.  Thus, the motion is denied without prejudice.  To the extent that Plaintiffs believe that portions of the expert reports discuss their finances beyond the scope of this litigation, they may bring a renewed motion and explain why those portions—identified with specificity—are not at issue in this case and should be deemed confidential.  The more specific and compelling the reasons and facts provided are, the more likely it is that the Court will find that compelling reasons justify sealing the documents.  If Plaintiffs file a renewed motion to seal, they must lodge under seal unredacted versions of the exhibits in which the text that the movant wishes to redact is highlighted.

Accordingly,

**IT IS ORDERED** denying without prejudice Plaintiffs' motion to seal portions of exhibits to their motion to strike.  (Doc. 46.)

**IT IS FURTHER ORDERED** that, pursuant to LRCiv 5.6(e), the lodged documents will not be filed, but will remain under seal.  The Court will extend the time provided by LRCiv 5.6(e) for Plaintiffs to act.  Plaintiffs may, within **15 days** of the entry

1    of this Order, (1) file unredacted versions of the exhibits to Plaintiffs' motion to strike in

2    the public record or (2) file a new motion to seal that conforms with the requirements

3    delineated in this order.

4          Dated this 5th day of August, 2020.

Dominic W. Lanza
United States District Judge

- 4 -