**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jaime Edmondson Longoria, et al., | No. CV-18-02334-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Kodiak Concepts LLC, et al., | |
| Defendants. | |

On August 5, 2020, the Court denied without prejudice Plaintiffs' motion to seal portions of exhibits to their motion to strike (Doc. 46), noting that the "stringent" compelling reasons standard applies to all filed motions and their attachments where the motion is "more than tangentially related to the merits of a case," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016), and that the material Plaintiffs sought to seal had been "put at issue in this litigation." (Doc. 53 at 2.) The Court held that "Plaintiffs' cursory motion" failed to establish that the compelling reasons standard was satisfied and allowed Plaintiffs to "bring a renewed motion and explain why" portions of the expert reports which discuss Plaintiffs' finances beyond the scope of this litigation "are not at issue in this case and should be deemed confidential." (*Id.* at 3.) Plaintiffs were advised that "[t]he more specific and compelling the reasons and facts provided are, the more likely it is that the Court will find that compelling reasons justify sealing the documents." (*Id.*)

On August 21, 2020, Plaintiffs filed their "second motion for leave to file certain

documents under seal." (Doc. 58.) This motion does not attempt to conform with any of the requirements delineated in the Court's August 5, 2020 order. Rather, Plaintiffs assert they "disagree" with the Court's August 5, 2020 order. (*Id.* at 3.) The Court therefore construes the motion as a motion for reconsideration.

Plaintiffs contend that, under *Center for Auto Safety*, the "compelling reasons" standard never applies to "a non-dispositive motion." (*Id.*) In fact, *Center for Auto Safety* reached the opposite conclusion. There, although the Ninth Circuit observed that it had, in past cases, "sometimes deployed the terms 'dispositive' and 'non-dispositive'" when "deciding what test to apply to a motion to unseal a particular court filing," the court went on clarify that this "mechanical" approach was improper because "[t]o only apply the compelling reasons test to the narrow category of 'dispositive motions' goes against the long held interest in ensuring the public's understanding of the judicial process and of significant public events" and "contradicts our precedent, which presumes that the 'compelling reasons' standard applies to most judicial records." *Id.* at 1097-98 (citations and internal quotation marks omitted). Thus, the court held that the "focus" must be "on whether the motion at issue is more than tangentially related to the underlying cause of action" and emphasized that "plenty of technically nondispositive motions . . . are strongly correlative to the merits of a case." *Id.* at 1099.

Plaintiffs' motion to strike Defendant's expert is more than tangentially related to the merits of this case. Plaintiffs' claim for damages is one of the key issues in this case and, if Defendant's expert were excluded, the complexion of the case would change significantly. The "compelling reasons" standard applies in this circumstance.

Plaintiffs also submit three orders issued by other District of Arizona judges to support their contention that their original motion to seal should have been granted. (Doc. 58 at 4.) These orders contain no analysis and therefore shed no light on the issue. (Docs. 58-1, 58-2, 58-3.) Also, although Plaintiffs emphasize that some of the motions to seal in those other cases were "unopposed" (Doc. 58 at 4), this does not bolster their position. *See generally Lipocine Inc. v. Clarus Therapeutics, Inc.*, 2020 WL 4569473, *7 (D. Del. 2020)

- 2 -

("The problem for judges is that [sealing] requests are seldom opposed—the would-be opposing party has access to the materials and doesn't particularly care whether the public has access as well. . . . That leaves the judge in the position of having to decide a sometimes complex issue of sealing or redaction with no adversarial briefing and often, as in this case, with only a perfunctory submission from the party seeking relief.").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion (Doc. 58), which the Court construes as a motion for reconsideration, is **denied**.

**IT IS FURTHER ORDERED** that if Plaintiffs want the Court to take under consideration Exhibits A and B to Plaintiffs' Motion to Strike (Doc. 45), they must file unredacted versions in the public record by September 29, 2020.

**IT IS FURTHER ORDERED** that if Plaintiffs fail to file unredacted versions in the public record by September 29, 2020, the Clerk of Court shall strike Exhibits A and B to Plaintiffs' Motion to Strike (Doc. 45).

Dated this 22nd day of September, 2020.

Dominic W. Lanza
United States District Judge